The court incorporates by reference in this paragraph and adopts as the findings and analysis of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.



Dated: January 31 2024

John P. Gustafson
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 23-31785 |
| | ) | |
| Tara D. Wallace | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | JUDGE JOHN P. GUSTAFSON |

### MEMORANDUM AND ORDER DENYING MOTION SEEKING OFFICIAL U.S. BONDING/SURETY

This case comes before the court on a document [Doc. #55] captioned: "World Citizens of The Solar Monmatia," with a subheading of "Official U.S. Bonding/Surety Request" (herein after "Request").

This document, purports to be a Freedom of Information Act Request, but it is made under "D.C. Code §§2-532, and/or localized equivalent there of."

The Request seeks information documenting certain bonding information in six bullet points, all of which are circled by the person requesting the information, Chapter 7 Debtor Tara D. Wallace.

Debtor's Request purports to inform the court that the person making the request is "Sui Generis," as it alleges all "citizens" and "residents" [quoted in the original document] that are under my

jurisdiction. The document then states: "thus denial of Sui Generis for this information is the same as denying your 'Citizens'/'Nationals' of this information."

There are two certifications checked above the signature. "The information above is true, correct, and accurate to the best of my knowledge; I am competent, qualified, and authorized to be making and filing these statements; I am competent to handle my affairs (AFFIDAVIT OF TRUTH)." The second certification states: "I am no PERSON (e.g. statutory person, trust, corporation, public official) but a private non-lienable natural sentient being dweller, Sui Generis, at an on at The Common Law, from birth (AFFIDAVIT OF CORPORATE DENIAL)."

LAW AND ANALYSIS

Debtor's Request is gibberish dressed up in legalese.

Debtor's Request must be denied for several reasons. First, it seeks relief under the laws of the District of Columbia "and or localized equivalent there of." This would appear to be – at best – a request made under state law to a federal government entity, the United States Bankruptcy Court.

Under Article VI, Clause 2 of the U.S. Constitution, also known as the Supremacy Clause: "This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding." U.S. Const. art. VI, cl. 2. *See*, *United States v. Washington*, 596 U.S. 832, 935, 495 U.S. 423, 142 S.Ct. 1976, 1982, 213 L.Ed.2d 336 (2022)("The Constitution's Supremacy Clause generally immunizes the Federal Government from state laws that directly regulate or discriminate against it.").

Accordingly, the Constitution's Supremacy Clause, and the related doctrines of sovereign immunity, and intergovernmental immunity, all serve to immunize the Federal Government from state laws that directly regulate or discriminate against it.

Further, it should be noted that there is a federal Freedom of Information Act (hereinafter "FOIA"). 5 U.S.C. §552. However, while the FOIA applies to any government "Agency" the statute's definition of Agency specifically "does not include" (B) "the courts of the United States." *Id.* at §551(1)(B), *see also*, *Eli v. U.S. Drug Enforcement Administration*, 878 F.3d 392, 397 (1st Cir. 2017)("FOIA thus applies only to 'agenc[ies],' which the APA expressly defines to exclude 'the courts of the United States.'); *United*

*States v. Casas*, 376 F.3d 20, 22 (1st Cir.2004)("The judicial branch is exempt from the [FOIA]"); *Mayo v. U.S. Government Printing Office*, 9 F.3d 1450, 1451 (9th Cir. 1993)(the language of the FOIA excluding "the courts of the United States" also excludes the entire judicial branch); *Lewis v. U.S. Dept. of Justice*, 867 F. Supp. 2d 1, 13 n.5 (D. D.C. 2011)("Furthermore, neither the federal courts nor state courts are subject to the FOIA." citing 5 U.S.C. §551(1)(B)).

This presents an additional reason why Debtor's Request should be denied. Not only are states not able to legislate away federal sovereign immunity, the fact that there is federal legislation – the FIOA – that specifically excludes courts from its requirements, prevents state law from having any effect under the doctrine of "preemption." *Murphy v. National Collegiate Athletic Ass'n*, 584 U.S. 453, 471, 138 S.Ct. 1461, 1476, 200 L.Ed.2d 854 (2018)(" This means that when federal and state law conflict, federal law prevails and state law is preempted."). Because Congress has created legislation, the federal FOIA, and determined that it should exclude courts from its provisions, states cannot legislate beyond the boundaries set by Congress. Further, the explicit statutory exclusion of "the courts of the United States" from the federal FOIA clearly shows that there has been no waiver of sovereign immunity in this area. *U.S. v. Bormes*, 568 U.S. 6, 9, 133 S.Ct. 12, 16, 184 L.Ed.2d 317 (2012)("Sovereign immunity shields the United States from suit absent a consent to be sued that is 'unequivocally expressed.'")

Accordingly, there is no legal authority for Debtor's Request requiring information from the court.

The Request is also apparently based on a misapprehension of fact. U.S. Judges and the persons working for the Clerks' Offices of the United States Courts are not bonded. The trustees who are appointed in Chapter 7 bankruptcy cases, like the case Debtor filed, are bonded.[1] However, since at least the 1986 Amendments to the Bankruptcy Code, which expanded the U.S. Trustee Program, Chapter 7 trustees are selected and overseen by the Office of the United States Trustee, a component of the U.S. Department of Justice. Bonding requirements for trustees, and records of those bonds, are not maintained by the Bankruptcy Courts, except to the extent any such information is filed on its public dockets.

To paraphrase United States Magistrate Judge Yarbrough in dealing with a World Citizens of the Solar Monmatia complaint, the filing here "contains no law supporting this proposition, and I am not aware of any." *Grimes v. Wells Fargo Bank, N.A.*, 2020 WL 4347266 at *2, 2020 U.S. Dist. LEXIS

---

1/ It is unclear why any information about the Chapter 7 Trustee's bond would be sought, as this was a no asset case. *See*, Chapter 7 Trustee's Report of No Distribution. [Doc. #42].

134366 at *5 (D.N.M. July 29, 2020).

    Accordingly, the Request will be, and is hereby, Denied.

# # #